### PEOPLE ex rel. LOORAM v. HENDERSON.

(Supreme Court, Special Term, New York County. May 30, 1912.)

MUNICIPAL CORPORATIONS (§ 192*)—OFFICERS—CIVIL SERVICE—NOTICE.

A notice, given to an inspector, appointed from a competitive list, on the last day of his probationary period, stating that his services were unsatisfactory and he would be dropped at the close of business on that day, terminated his right to the position, and a notice, given him three days later, reading, "This notice supersedes the notice of your suspension, * * * which is hereby rescinded and declared null and void," was ineffectual for any purpose and could not be relied on, upon application for reinstatement.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 530–532; Dec. Dig. § 192.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Application for writ of mandamus to reinstate Peter Looram to the position of inspector of carpentry and masonry in the bureau of buildings. Denied.

Alfred J. Tally, for relator.

Archibald R. Watson, Corp. Counsel (Elliott S. Benedict, Asst. Corp. Counsel, of counsel), for respondent.

BLANCHARD, J. This is an application for a writ of mandamus to reinstate relator to the position of inspector of carpentry and masonry in the bureau of buildings, borough of the Bronx, city of New York. The relator was appointed from a competitive list on August 14, 1911, and his three months of probation expired on November 14, 1911. On the last day of the probationary period he received notice that he would be dropped at the close of business on that day. Three days later he received a further notice, informing him that he was suspended without pay, and further directing him to appear for trial on a day certain. The notice of suspension contained the statement:

"This notice supersedes the notice of your suspension, dated November 13, 1911, which is hereby rescinded and declared null and void."

Subsequently the charges were dropped, and he now claims that by reason of the rescinding of the notice sent to him at the end of the probationary period he is entitled to reinstatement. I agree with the contention of the counsel for the defendant that the notice sent at the end of the probationary period to the relator that his services were unsatisfactory and would be no longer required ended his connection with the department, and by reason of said notice there was no power in the department to try him for any offense or to reinstate him in his position.

The application is denied, with costs.